UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GRAHAM KANDIAH, LLC and DIANE GRAHAM,

                Plaintiffs,

    - against -

JPMORGAN CHASE BANK, N.A. and
CHASE BANK USA, N.A.,

                Defendants.
------------------------------------------------------------------X

Docket No. 08-CV-6956

AMENDED
NOTICE OF REMOVAL

New York State Supreme Court
New York County

Index No. 602193/08

RECEIVED AUG 14 2008 U.S.D.C. S.D.N.Y. CASHIERS

      To the Honorable Judges of the United States District Court for the Southern District of New York:

      Defendants JPMorgan Chase Bank, N.A. ("JPMorgan") and Chase Bank USA, N.A. ("Chase USA"), by their attorneys, respectfully request removal of this action to this Court on the following grounds:

      1.    This action, pending in the Supreme Court of the State of New York, County of New York, is removable under the provisions of 28 U.S.C. § 1441 (a) because the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

      2.    A copy of the summons and complaint was received by the defendants on July 30, 2008.

      3.    Neither defendant is a citizen of the states of which the plaintiffs are citizens. Plaintiff Diane Graham is a citizen of New York because, upon information and belief, she is domiciled in New York. Upon information and belief, Plaintiff Graham Kandiah LLC is a New York Limited Liability Company, having as its sole member Plaintiff Diane Graham, and thus it is a citizen of New York. Defendant JPMorgan is a national banking association with its main

office, as designated in its Articles of Association, in Ohio, and thus JPMorgan is a citizen of Ohio. Defendant Chase USA is a national banking association with its main office, as designated in its Articles of Association, in Delaware, and thus Chase USA is a citizen of Delaware.

4. The amount in controversy exceeds the sum of $ 75,000 exclusive of interest and costs. The complaint alleges that plaintiffs are entitled to damages as follows: (i) on the first cause of action against JPMorgan for breach of contract, $72,837.11; (ii) on the second cause of action against Chase USA for breach of contract, $8,065.27; (iii) on the third cause of action against JPMorgan for payment of forged checks, $187, 679.19; (iv) on the fourth cause of action against JPMorgan for commercial bad faith, $100,000.00; (v) on the fifth cause of action against JPMorgan and Chase USA for negligence, $500,000.00; (vi) on the sixth cause of action against JPMorgan for prima facie tort, $537,848.25.

5. The initial pleading is the summons and complaint, which is attached hereto as Exhibit A.

6. This amended notice is filed with this Court within thirty (30) days after receipt by defendants of the initial pleading, which provides the basis for this notice of removal.

WHEREFORE, Defendants request that the above-entitled action be removed from the Supreme Court of the State of New York, County of New York, to this Court.

Dated: New York, New York
       August 13, 2008

                      LEVI LUBARSKY & FEIGENBAUM, LLP

                      By: _Andrea Likwornik Weiss_ (signature)
                          Andrea Likwornik Weiss
                          1185 Avenue of the Americas, 17th Floor
                          New York, New York 10036
                          (212) 308-6100

                          *Attorneys for Defendants*

TO:

Law Offices of Bruce Levinson
Att: Gregory Brown, Esq.
747 Third Avenue, Fourth Floor
New York, New York 10017-2803

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X
GRAHAM KANDIAH, LLC and DIANE GRAHAM,

                          Plaintiffs,

           - against -

JPMORGAN CHASE BANK, N.A. and CHASE BANK
USA, N.A.,

                         Defendants.
------------------------------------------------------------X

Index No. 602193 /08
Purchased: July ___, 2008

JUL 28 2008

**SUMMONS**

*Plaintiff designates New York County as the place of trial.*

To the above named defendant:

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
         July 25, 2008

                                                LAW OFFICES OF BRUCE LEVINSON
                                                Attorneys for Plaintiffs

                           By: _____
                                                Gregory Brown
                                                747 Third Avenue, Fourth Floor
                                                New York, New York 10017-2803
                                                (212) 750-9898

To:    JPMorgan Chase Bank, N.A.
        270 Park Avenue
        8th Floor
        New York, New York 10017

        Chase Bank USA, N.A.
        White Clay Center, Building 200
        Route 273
        Newark, Delaware 19711

NEW YORK
COUNTY CLERK'S OFFICE

JUL 28 2008
NOT COMPARED
WITH COPY FILED

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------X
GRAHAM KANDIAH, LLC and DIANE GRAHAM,

                Plaintiffs,

    - against -

JPMORGAN CHASE BANK, N.A. and CHASE BANK
USA, N.A.,

                Defendants.
-----------------------------------------------------------------------X

Index No. 602193/08

**VERIFIED COMPLAINT**

Plaintiffs, Graham Kandiah, LLC and Diane Graham, by their attorneys, the Law Offices of Bruce Levinson, as and for their complaint, state as follows:

1. Plaintiff, Graham Kandiah, LLC ("GK"), is a New York limited liability corporation having its principal place of business in the State of New York, City of Bay Shore and County of Suffolk.

2. Plaintiff, Diane Graham ("Graham"), a member of GK, was at all relevant times a resident of the State, City and County of New York.

3. Defendant, JPMorgan Chase Bank, N.A. ("JPMorgan"), is a national bank operating under charters issued by the Office of the Comptroller of the Currency and Department of the Treasury, and maintains multiple offices in the State, City and County of New York.

4. Defendant, Chase Bank USA, N.A. ("Chase"), is a national bank operating under charters issued by the Office of the Comptroller of the Currency and Department of the Treasury, and maintains multiple offices in the State, City and County of New York.

- 1 -

NEW YORK
COUNTY CLERK'S OFFICE
JUL 28 2008
NOT COMPARED
WITH COPY FILED

## AS AND FOR A FIRST CAUSE OF ACTION
## BY GRAHAM AND GK AGAINST JPMORGAN
(Breach of Contract)

5.  In April, 2006, GK was a JPMorgan customer, and maintained multiple checking and savings accounts as well as a business line of credit with that JPMorgan.

6.  Between approximately April 1, 2006 and September 30, 2006, an employee of GK, Suzanne Filan (the "Employee"), in concert with a Vice President at JPMorgan, Kirk W. McTaggart ("McTaggart"), engaged in a measured and systematic scheme to defraud GK.

7.  Between April 18, 2006 and August 31, 2006, the Employee made unauthorized electronic fund transfers from GK's account at JPMorgan bearing the number 995502989065 as follows:

    a.  automated teller machine withdrawals totaling $20,421.50;

    b.  point-of-sale debit card purchases totaling $3,404.23;

    c.  point-of-sale requests for cash back totaling $40.00; and

    d.  direct electronic transfers totaling $10,700.00.

8.  Between April 24, 2006 and August 31, 2006, the Employee made unauthorized electronic fund transfers from GK's account at JPMorgan bearing the number 091155537165 as follows:

    a.  automated teller machine withdrawals totaling $15,360.00;

    b.  point-of-sale debit card purchases totaling $190.38;

    c.  direct electronic transfers totaling $21,785.00.

9.  The Employee lacked authority to initiate such transfers and GK received no benefit from the transfers.

10. Upon discovering the fraud, GK provided immediate and timely oral and written notice of the unauthorized electronic fund transfers to JPMorgan.

11. Upon information and belief, at all relevant times, JPMorgan knew or should have known of the unauthorized electronic fund transfers.

12. JPMorgan improperly imposed bank charges upon GK totaling $936.00 for insufficient funds being available in the accounts.

13. Upon plaintiffs opening checking and savings accounts, as well as a business line of credit, with JPMorgan, plaintiffs and JPMorgan entered into a contract which contained the terms of the relationship of the parties.

14. Plaintiffs fully performed their obligations under the terms of the contract.

15. JPMorgan failed to perform its obligations under the terms of the contract and also breached the implied covenant of good faith and fair dealing.

16. JPMorgan has failed and refused to restore the improperly transferred funds to plaintiffs' accounts.

17. Plaintiffs have been damaged in the amount of $72,837.11.

### AS AND FOR A SECOND CAUSE OF ACTION BY GK AGAINST CHASE
(Breach of Contract)

18. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 17 as if fully set forth herein.

19. Between May 9, 2006 and September 16, 2006, GK was a Chase customer, and maintained a credit card account with that defendant.

20. Between May 9, 2006 and September 16, 2006, the Employee made unauthorized use of a GK credit card issued by Chase bearing the account number 4246315131427090, and incurred charges totaling $8,065.27.

21. On or about October 10, 2006, GK notified Chase of the unauthorized use of its credit card.

22. On or about October 30, 2006, GK provided Chase with notice of the specific, unauthorized charges.

23. The Employee lacked authority to initiate such transfers and GK received no benefit from the transfers.

24. Upon discovering the fraud, GK provided immediate and timely oral and written notice of the unauthorized use to Chase.

25. Upon information and belief, at all relevant times, Chase knew or should have known of the unauthorized use of plaintiff's credit card.

26. Upon GK opening a credit card account with Chase, plaintiff and Chase entered into a contract which contained the terms of the relationship of the parties.

27. GK fully performed its obligations under the terms of the contract.

28. Chase failed to perform its obligations under the terms of the contract and also breached the implied covenant of good faith and fair dealing.

29. Chase has failed and refused to credit plaintiff's account for the unauthorized charges made by the Employee.

30. Plaintiff has been damaged in the amount of $8,065.27.

### AS AND FOR A THIRD CAUSE OF ACTION BY GK AGAINST JPMORGAN
(Strict Liability for Payment on Forged Checks)

31. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 30 as if fully set forth herein.

32. Between April 18, 2006 and August 31, 2006, the Employee forged checks totaling $187,679.19 which were drawn on GK's account at JPMorgan bearing the number 995502989065.

33. The Employee was not an authorized signatory on GK's account and the unauthorized signature was never ratified by GK or Graham.

34. JPMorgan wrongfully honored each and every check bearing the Employee's unauthorized signature.

35. The checks bearing the unauthorized signature were wholly inoperative, forged, and were not properly drawn on GK's account.

36. GK has been damaged in the amount of $187,679.19.

### AS AND FOR A FOURTH CAUSE OF ACTION BY GRAHAM AND GK AGAINST JPMORGAN
(Commercial Bad Faith)

37. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 36 as if fully set forth herein.

38. In furtherance of the Employee's measured and systematic scheme to defraud GK and Graham, the Employee relied on the complicity of McTaggart.

39. Upon information and belief, McTaggart helped to facilitate the Employee's improper transfer of funds out of accounts maintained by Graham and GK with defendants.

40. Upon information and belief, McTaggart issued the Employee automatic teller machine and credit cards without plaintiffs' knowledge or consent.

41.   Upon information and belief, McTaggart created and/or linked accounts about which only the Employee was aware. These additional accounts allowed the Employee to transfer money belonging to plaintiffs without their knowledge or consent.

42.   McTaggart provided false statements to Graham and other GK employees on behalf of the Employee which were intended to prevent plaintiffs from discovering the fraud.

43.   After the arrest of the Employee, McTaggart admitted to Graham that he had been "covering" for the employee for an extended period of time.

44.   Such support and false statements were intended to further JPMorgan's confederacy with the Employee.

45.   JPMorgan knew or should have known of McTaggart's dishonest acts.

46.   Plaintiffs have been damaged in the amount of $100,000.00.

### AS AND FOR A FIFTH CAUSE OF ACTION BY GRAHAM AND GK AGAINST DEFENDANTS JPMORGAN AND CHASE
(Negligence)

47.   Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 46 as if fully set forth herein.

48.   Defendants had a duty to prevent plaintiffs' banking and credit accounts from fraudulent use and to immediately bring to plaintiff's attention any fraudulent activity.

49.   Defendants failed to prevent fraudulent transactions from occurring on plaintiff's accounts and failed to notify plaintiffs of the fraudulent activity.

50.   Defendants had a duty to ensure that their employees did not facilitate fraudulent activity on plaintiffs' banking and credit accounts.

51.   Defendants failed to prevent their employees from facilitating such fraudulent activity.

52. As a direct and proximate cause of plaintiffs' failure to uphold these duties, plaintiffs suffered substantial harm.

53. Plaintiffs have been damaged in the amount of $500,000.00.

### AS AND FOR A SIXTH CAUSE OF ACTION BY GRAHAM AGAINST DEFENDANT JPMORGAN
(Prima Facie Tort)

54. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 53 as if fully set forth herein.

55. On September 28, 2007, defendant commenced foreclosure proceedings upon Graham's home.

56. Upon information and belief, the foreclosure proceedings were commenced in an attempt to financially ruin plaintiff and thereby prevent her from seeking compensation for the damages resulting from JPMorgan's complicity in the fraud perpetrated by the Employee.

57. Defendant JPMorgan had no justification for commencing foreclosure proceedings and was guided solely by disinterested malevolence.

58. Plaintiff suffered substantial actual and consequential damages as a result of the foreclosure proceedings.

59. In particular, Graham was forced to sell her apartment at an amount far below fair market value because of her need for cash and because of the pending foreclosure proceeding brought by defendant. While the apartment was valued at approximately $3,000,000.00, its actual sale price was only $2,465,000.00.

60. In addition, Graham incurred additional fees upon the closing of the sale of her apartment in connection with fees charged by JPMorgan's attorneys. The amount of these additional charges total $2,848.25.

61.     Plaintiff has been damaged in the amount of $537,848.25.

## AS AND FOR A SEVENTH CAUSE OF ACTION BY GRAHAM AGAINST DEFENDANT
(Injunctive Relief)

62.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 16, 18 through 29, 31 through 35, 37 through 45, 47 through 52 and 54 through 60 as if fully set forth herein.

63.     By virtue of the foregoing, Graham is entitled to a preliminary and permanent injunction enjoining and restraining defendant JPMorgan and Chase, together with their agents, contractors, attorneys, employees, and those acting under their direction or control, from providing any false, inaccurate, misleading or negative information regarding plaintiffs' finances to any consumer reporting agencies and an order directing defendants JPMorgan and Chase to demand that all consumer reporting agencies and credit bureaus delete the tradelines related to the subject matter of this action.

64.     Graham has no adequate remedy at law.

**WHEREFORE**, plaintiffs demands judgment against defendants as follows:

A.      On the first cause of action by Graham and GK against JPMorgan, the sum of $72,837.11;

B.      On the second cause of action by GK against Chase, the sum of $8,065.27;

C.      On the third cause of action by GK against JPMorgan, the sum of $187,679.19;

D.      On the fourth cause of action by plaintiffs against JPMorgan, the sum of $100,000.00;

E.      On the fifth cause of action by plaintiffs against JPMorgan and Chase, the sum of $500,000.00;

F.    On the sixth cause of action by plaintiffs against JPMorgan, the sum of $537,848.25;

G.    On the seventh cause of action by plaintiffs against JPMorgan and Chase, a preliminary and permanent injunction enjoining and restraining JPMorgan and Chase, together with their agents, contractors, attorneys, employees, and those acting under their direction or control, from providing any false, inaccurate, misleading or negative information regarding plaintiffs' finances to any consumer reporting agencies and an order directing defendants JPMorgan and Chase to demand that all consumer reporting agencies and credit bureaus delete the tradelines related to the subject matter of this action;

H.    Together with interest thereon from April 1, 2006;

I.    Plus costs, disbursements, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
       July 25, 2008

                                              LAW OFFICES OF BRUCE LEVINSON
                                              Attorneys for Plaintiffs

                                        By:   _____
                                              Gregory Brown
                                              747 Third Avenue, Fourth Floor
                                              New York, New York 10017-2803
                                              (212) 750-9898

## VERIFICATION

STATE OF NEW YORK    }
                     } ss.:
COUNTY OF NEW YORK   }

DIANE GRAHAM, an individual plaintiff and a member of the plaintiff corporation in the foregoing complaint, being duly sworn, deposes and says: I have read the foregoing complaint and know the contents thereof, and that the same is true of my own knowledge, except as to the matters therein stated to be alleged on information and belief, that as to those matters, I believe them to be true.

_____
DIANE GRAHAM

Sworn to before me this
25th day of July, 2008

_____
NOTARY PUBLIC

Gregory Brown
Notary Public, State of New York
Registration No.: 02BR6143088
Qualified in Kings County
Commission Expires April 3, 20 _6_

- 10 -