```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────
GRAHAM KANDIAH, LLC and
DIANE GRAHAM,

                    Plaintiffs,         08 Civ. 6956 (JGK)

         - against -                    MEMORANDUM OPINION
                                        AND ORDER
JPMORGAN CHASE BANK, N.A. and
CHASE BANK USA, N.A.,

                    Defendants.
───────────────────────────────────────
```

**JOHN G. KOELTL, District Judge:**

Plaintiffs Graham Kandiah LLC ("GK") and Diane Graham ("Graham") (collectively, the "plaintiffs"), the principal of GK, filed a complaint in this Court on April 30, 2008 against JPMorgan Chase Bank, N.A. and Chase Bank, USA, N.A. (collectively, the "defendants").  On May 14, 2008, the plaintiffs filed an amended complaint.  On June 24, 2008, the plaintiffs voluntarily dismissed the complaint without prejudice pursuant to Federal Rule of Civil Procedure 41(a).  On July 28, 2008, the plaintiffs filed a new complaint in the New York State Supreme Court, asserting similar claims against the defendants based on the same transaction and occurrences as the previous federal suit.  On August 5, 2008, the defendants filed a Notice of Removal to federal court.  On December 3, 2008, the plaintiffs once again filed a Notice of Voluntary Dismissal pursuant to Rule 41(a)(1)(A)(i), indicating that the dismissal

was without prejudice.  On December 2, 2008, for docketing purposes, this Court memo endorsed the Notice of Voluntary Dismissal, directing the Clerk to enter judgment and close the case.

The defendants argue first that the Court's December 2 Memo Endorsement was intended to be with prejudice pursuant to Rule 41(a)(1)(B).  In the alternative, the defendants request that the Court modify the Order to dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 60(b)(1).  In its supplemental papers, the defendants also request that, in the event that the plaintiffs' action is allowed to proceed, the plaintiffs be required to pay the defendants their fees and costs in connection with the action.

The plaintiffs respond by pointing out that there is nothing in the record to indicate that the Court intended to dismiss the action with prejudice.  The plaintiffs also seek relief pursuant to Rule 60(b)(1), claiming that Graham was unfamiliar with Rule 41(a) and mistakenly relied on information provided to her by the Pro Se Office.  The plaintiffs also argue that correcting the Order to state that the dismissal of the action is with prejudice would be inequitable because the plaintiffs did not intend to dismiss the action with prejudice. In their supplemental papers, the plaintiffs also argue that, if the dismissal is required to be with prejudice, relief from the

2

dismissal is warranted under Rule 60(b)(1) because the Court should have warned Graham of the consequences of her second voluntary dismissal before acting upon it. The plaintiffs also assert that they should not be ordered to pay fees and costs to the defendants if they are allowed to proceed with the action because they did not engage in any conduct intended to harass the defendants.

I.

The Judgment entered on December 10, 2008 dismissing the plaintiffs' action without prejudice is clearly in error. Under Rule 41(a)(1)(B), "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Because the plaintiff had already voluntarily dismissed a federal court action, her second notice of dismissal operated as a dismissal with prejudice.

The parties dispute whether the Court intended to dismiss the plaintiffs' action with or without prejudice in its December 2 Memo Endorsement. However, the Court's intent is not relevant, because the filing of a notice of dismissal under Rule 41(a)(1) automatically terminates the action without any action by the Court. Thorp v. Scarne, 599 F.2d 1169, 1171 n.1 (2d Cir. 1979); ST Shipping and Transp., Inc. v. Golden Fleece Mar. Inc., No. 07 Civ. 11147, 2008 WL 4178189, at *7 (S.D.N.Y. Sept. 9,

3

2008); Choudhury v. Barnhard, No. 04 Civ. 142, 2004 WL 2053014, at *3 (S.D.N.Y. Sept. 15, 2004) (collecting cases). The plaintiffs' argument that the Court should not have entered Judgment without warning the plaintiffs or calling a conference is unavailing, because the plaintiffs' notice of voluntary dismissal took effect without any action by the Court. The Court's Memo Endorsement was issued merely to ensure that the Clerk received and entered the plaintiffs' notice of dismissal in a timely manner and closed the case.

Where a plaintiff files a second notice of voluntary dismissal before the defendant has had the opportunity to answer or move to dismiss the complaint, even if the second notice states that the dismissal is "without prejudice," the second voluntary dismissal acts as an adjudication on the merits barring the plaintiff from bringing a third suit. Engelhardt v. Bell & Howell Co., 299 F.2d 480, 484 (8th Cir. 1962) (holding that second voluntary dismissal operated as an adjudication on the merits even though dismissal stated "without prejudice"); Bolivar v. Pocklington, 137 F.R.D. 202, 204 (D.P.R. 1991) (same); see also In re Methyl Tertiary Butyl Ether Prods. Liab. Litig., 399 F. Supp. 2d 340 (S.D.N.Y. 2005) (stating in dicta that under Rule 41(a)(1) a court would likely find the second dismissal "without prejudice" to be a dismissal with prejudice). If it were otherwise, plaintiffs would be able to avoid the two

dismissal rule entirely simply by stating that the second dismissal was "without prejudice." While the Court of Appeals for the Second Circuit carved out an exception to the two dismissal rule in <u>Poloron Prods., Inc. v. Lybrand Ross Bros. & Montgomery</u>, 534 F.2d 1012 (2d Cir. 1976), that exception does not apply here, where the plaintiffs' first dismissal was a notice of voluntary dismissal and not a stipulation to which the parties mutually agreed.

Therefore, because the entry of Judgment dismissing the plaintiffs' action without prejudice was in error, and because the error is in the nature of a mistake arising from oversight, the defendant's motion to correct the Judgment to dismiss the action with prejudice is granted pursuant to Rule 60(a).

**II.**

There is a further error in the Judgment dismissing the action without prejudice. "Because both a partnership and a corporation must appear through licensed counsel, and because a limited liability company is a hybrid of the partnership and corporate forms, [], a limited liability company also may appear in federal court only through a licensed attorney." <u>Lattanzio v. COMTA</u>, 481 F.3d 137, 140 (2d Cir. 2007). A sole member of a limited liability corporation such as GK may not represent the corporation. <u>See</u> <u>Berrios v. New York City Hous. Auth.</u>, 564 F.3d 130, 133 (2d Cir. 2009); <u>Lattanzio</u>, 481 F.3d at 140. Therefore,

5

because GK was not represented by counsel at the time that Graham filed the second dismissal, she had no authority to dismiss the action brought by GK.  See Aloha Leasing v. Advanced Bus. Sys. Unlimited, Inc., No. 93 Civ. 385, 1994 WL 631041, at *3 (N.D.N.Y. Nov. 7, 1994) (holding that corporation could not execute stipulation of dismissal because corporation was not represented by counsel).  Therefore, the Judgment dismissing the action with respect to GK is void.  Accordingly, the Court relieves GK from the Judgment pursuant to Rule 60(b)(4) and vacates the dismissal of the action by GK.  Because the dismissal is void, no sanctions or costs should be assessed against GK for vacating the dismissal of its action.

### III.

Finally, Graham requests that she also be granted relief from the Judgment pursuant to Rule 60(b)(1).

Rule 60(b) of the Federal Rules of Civil Procedure sets forth the grounds by which a court, in its discretion, can rescind or amend a final judgment or order.  See Fed. R. Civ. P. 60(b)(1); Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). Rule 60(b) exists to strike a balance between "serving the ends of justice and preserving the finality of judgments."  Nemaizer, 793 F.2d at 61.  While Rule 60(b) should be read broadly to do "substantial justice," final judgments should not be reopened

6

casually.  Id.  Relief under Rule 60(b) should be granted "only upon a showing of exceptional circumstances."  Id.

Graham explains that she was unfamiliar with Rule 41(a)(1)(B) and mistakenly relied on statements by the Pro Se Office that she would be able to bring another lawsuit if she voluntarily dismissed this action.  Graham's unfamiliarity with Rule 41(a)(1)(B) is not an exceptional circumstance warranting Rule 60(b)(1) relief.  See Williams v. New York City Dep't of Corr., 219 F.R.D. 78, 85 (S.D.N.Y. 2003) ("[A]ny failing attributable to plaintiff's *pro se* status could not be a basis for relief under Rule 60(b); by itself, the fact that plaintiff is *pro se* does not count as an exceptional circumstance." (internal quotations and citation omitted)).  Although a pro se party's failure to comply with a rule established by case law may be excusable, Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989), a pro se party may not be excused for failing to consult a Federal Rule of Civil Procedure that clearly states the consequences of taking or failing to take a particular action, Caidor v. Onondaga County, 517 F.3d 601, 605 (2d Cir. 2008); see also Edwards v. Immigration and Naturalization Serv., 59 F.3d 5, 8 (2d Cir. 1995) ("[*P*]ro *se* litigants generally are required to inform themselves regarding procedural rules and to comply with them." (citing McNeil v. United States, 508 U.S. 106 (1993))).  Here, where Rule

7

41(a)(1)(B) is clear on its face, Graham's ignorance that the filing of her second dismissal would result in the dismissal of her action with prejudice is not grounds for relief.

Reliance on advice from the Pro Se Office is also not an exceptional circumstance warranting Rule 60(b)(1) relief.  Cf. Smith v. Conway, No. 07 Civ. 7174, 2008 WL 2531194, at *2 (S.D.N.Y. Jun. 24, 2008) (holding that reliance on erroneous advice given by Pro Se Office does not rise to an exceptional circumstance warranting equitable tolling); see also Rezzonico v. H & R Block, Inc., 182 F.3d 144, 152 (2d Cir. 1999) (holding that oral assurances given by clerk's office did not qualify as unique circumstances).  The Manual for Pro Se Litigants Appearing Before the United States District Court for the Southern District of New York 2007 (the "Manual"), available on the Court's website, also informs litigants that the employees of the Pro Se Office "are not permitted to give advice on legal strategy . . . ."  (Manual at 5.)

Because Graham has not presented any exceptional circumstances that would warrant relief from the Judgment dismissing her action with prejudice, her request for relief pursuant to Rule 60(b)(1) is denied.

## CONCLUSION

For the foregoing reasons, the defendants' motion to correct the Judgment of December 3, 2008 is **granted in part**.

The Clerk is directed to correct the Judgment to state that the claims brought by Graham are **dismissed with prejudice**.  Pursuant to Rule 60(b)(1), the portion of the judgment dismissing the claims brought by GK is hereby **vacated**.  Because there is no dismissal without prejudice with respect to the claims brought by either Graham or GK, the defendants' request that they should be awarded fees and costs is denied as **moot**.  The Clerk is directed to close Docket No. 23.

**SO ORDERED.**

**Dated:** New York, New York
June 18, 2009

John G. Koeltl
United States District Judge